**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4737
_____

UNITED STATES OF AMERICA

v.

JAVIER GARCIA
a/k/a Ocho

JAVIER GARCIA,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 3:08-cr-00621-002)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2012

Before:  McKEE, *Chief Judge*, FISHER and GREENAWAY, JR., *Circuit Judges.*

(Opinion Filed: July 27, 2012)
_____

OPINION
_____

McKEE, *Chief Judge*.

    Javier Garcia appeals his conviction for various drug-related offenses following a

jury trial in the District Court.  For the reasons that follow, we will affirm.

I.

Since we write primarily for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. In January 2007, a confidential informant named "Jose Montanez" notified the New Brunswick Police Department ("NBPD") that Garcia and Julio Torres were selling drugs from an apartment in that city. Later that month, the NBPD made two controlled heroin purchases from Garcia and Torres through Montanez. Thereafter, the NBPD executed a warrant to search the above-referenced apartment, recovering cocaine and additional heroin. That same day, the NBPD also recovered cocaine from a van driven by Garcia.

A superseding indictment charged Garcia with one count of conspiracy to distribute and possess with intent to distribute heroin, three counts of distribution and possession with intent to distribute heroin, and one count of distribution and possession with intent to distribute cocaine. After a jury found Garcia guilty on each count, he moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), arguing that the evidence was insufficient to support the verdict. The District Court denied the motion and sentenced him to 210 months' imprisonment. Garcia now appeals,[1] reiterating his challenge to the sufficiency of the evidence and arguing that the District Court erred when it sustained an objection made by the Government during his counsel's closing argument.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

"We exercise plenary review over a district court's grant or denial of a motion for judgment of acquittal based on the sufficiency of the evidence, applying the same standard as the district court." *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009). To prevail on his sufficiency of the evidence claim, Garcia "bears the very heavy burden of showing that, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found him guilty beyond a reasonable doubt." *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002) (internal quotation marks and citation omitted). "A finding of insufficiency should be confined to cases where the prosecution's failure is clear," and "[c]ourts must be ever vigilant in the context of [Rule 29] not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal quotation marks and citations omitted). "We review a district court's rulings on contemporaneous objections to closing arguments for abuse of discretion." *United States v. Berrios*, 676 F.3d 118, 134 (3d Cir. 2012).

## III.

Our review of Garcia's sufficiency of the evidence claim begins with the convictions stemming from the two controlled heroin purchases — the conspiracy count and two of the three counts for distribution and possession with intent to distribute

3

heroin.  In challenging these convictions, Garcia highlights inconsistencies between Montanez's testimony and the NBPD officers' testimony, claims that it was Torres who gave the drugs to Montanez, and argues that the Government did not establish that Garcia acted as an accomplice.  Yet despite inconsistencies in the Government's case regarding the precise location of the controlled purchases, there is sufficient evidence that the purchases indeed occurred.  Moreover, regardless of whether it was Torres or Garcia who handed the drugs to Montanez, the evidence was sufficient to support Garcia's convictions.  With respect to each of the controlled purchases, Montanez testified that (1) he called Garcia using a telephone number that Garcia had given him, (2) Garcia answered his call, (3) Montanez asked Garcia for heroin, (4) Garcia told Montanez where to meet him, and (5) Garcia and Torres went to the meeting place to deliver the heroin.  Although Garcia claims that Montanez was not credible, "[i]t is not for us to weigh the evidence or to determine the credibility of the witnesses." *United States v. Bansal*, 663 F.3d 634, 665 (3d Cir. 2011) (quotation marks and citation omitted).

Garcia's challenges to the remaining two convictions (the third count for distribution and possession with intent to distribute heroin, and the count for distribution and possession with intent to distribute cocaine) fare no better.  First, although he claims that he did not have "control" over the apartment in which the additional heroin was recovered, this claim is belied by the record.  Second, while he contends that there was insufficient evidence connecting him to the cocaine found in the van, we need not resolve that claim because the cocaine found in the apartment was sufficient to support his

4

cocaine conviction.

Garcia's challenge to the District Court's ruling during closing argument is also meritless. In his summation, Garcia's counsel suggested that Garcia may have "cut some kind of side deal" with Torres and another individual, Miguel Aviles, by letting them rent the apartment in which the drugs were found. (App. at 394a.) The Government objected, arguing that there was no evidence to support this inference. The District Court sustained the objection, concluding that counsel's suggestion "sounds like speculation." (*Id.*)

Although "[i]t is permissible for counsel to argue inferences," those inferences "must flow logically and convincingly from the facts in the record." *United States v. Weatherly*, 525 F.3d 265, 272 (3d Cir. 2008). A summation crosses the line when it "urg[es] the jury to speculate rather than infer." *Id.* Here, Garcia has failed to point to evidence from which the jury could have reasonably inferred that he had rented the apartment to Torres and/or Aviles. Accordingly, the District Court did not err in sustaining the Government's objection.

IV.

Accordingly, we will affirm Garcia's judgment of conviction.